## ELY v. STOW.

A writ of error, that misdescribes the court which rendered the judgment complained of, is amendable on payment of cost, on motion of the plaintiff before any plea put in.

A note obtained by extortion, fraud or duress, is not within the Statute of Usury to be relieved against by filing a bill in equity.

WRIT OF ERROR against the judgment of the County Court, in an action Ely v. Stow brought on a note dated 14th June, A. D. 1786, for £72 lawful money, payable with interest; against which note the defendant filed a bill in chancery upon the statute; complaining that said note was usurious and oppressive; for that in A. D. 1782, Daniel Stow, Jr. son of the defendant, was on board of a vessel with one      Colton, who had a quantity of tobacco on board, designed for Plumb Island; that said Colton proposed to leave said vessel, and to sell his tobacco to said Daniel Jr. for the sum of £57 lawful money; to which said Daniel agreed and gave his note, without interest, and which was to be paid out of the avails of the tobacco; that said Colton altered his mind, and remained on board, sold his tobacco himself, and took the avails of it; but did not deliver up said note; that in A. D. 1786, said Daniel, Jr. went to Springfield upon the desire of said Colton, to

settle the affairs of said voyage; and said Colton and the plaintiff having got him there, they caused him to be arrested and imprisoned on said note; upon which the defendant, father of the said Daniel, being applied to by the plaintiff, and said Colton, and informed of his son's situation, and being ignorant of the injustice of said first note, was induced, in order to relieve his son from imprisonment, to give the note on which, etc. and for no other cause or consideration; in which is included said first note, interest and cost; and is usurious and oppressive.

To this complaint a demurrer was given — and the County Court gave judgment, that said complaint was sufficient, and that the plaintiff recover nothing on said note.

Error assigned — That said court ought to have judged said complaint insufficient, and for the plaintiff to recover. The plaintiff in error, having in his writ described the time of the County Court's sitting to have been on the second Tuesday of April, whereas it sat on the first, moved to amend his writ, by striking out second and inserting first to make it conformable to the record, which upon dispute was allowed to be done, on payment of cost, as being within the Statute of Amendments.

The defendant plead, that there was nothing erroneous, etc. and the judgment of the County Court was reversed.

The paragraph of the statute, which is entitled, an act for restraining the taking of excessive usury, makes it lawful for the defendant in any action, on bond, bill, mortgage, etc. on the second day of the court's sitting to inform the court, by filing his complaint that said mortgage, bond, etc. is usurious and oppressive, and was given for no just or reasonable consideration: And the court shall proceed as a Court of Chancery, to search out the truth, etc. and if the court shall find said bond, note, etc. to be usurious or oppressive, etc. they shall give judgment only for the just value of the goods sold; or the principal sum received without interest.

The statute contemplates an usurious oppression. Every oppression is not usurious; and every note or bond given without consideration, is not an usurious obligation. In this case

the sale was complete — the property of the tobacco was transferred to said Daniel Jr. and Colton is accountable to him for the avails of it.    And if the defendant was induced to give the note on which, by an unlawful imprisonment of his son, it might be duress but not usury.  The back interest upon the first note, which was not on interest being included in the second did not make the second usurious; for it was lawful for them thus to agree and do.